IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **PHIL AUGUSTE**<br><br>*Plaintiff,*<br><br>*versus*<br><br>**ELEMENTREE INC.,** *DBA* **CLOCKWORK**<br><br>*Defendant.* | **No. 3:23-cv-364**<br><br><br><br>**Jury Trial Demanded** |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, **Phil Auguste** hereby sues Defendant **Elementree, Inc.** *dba* **Clockwork**, and alleges as follows:

## I.     THE PARTIES

1. Phil Auguste, a citizen of Texas, may be served via email to his counsel Brandon Leavitt at brandon@uslawpros.com.

2. Defendant, Elementree, Inc. *dba* Clockwork; https://www.likeclockwork.com; is a corporation organized under the laws of Delaware with a registered place of business at 370 DE HARO ST. SUITE A4 SAN FRANCISCO, CA 94103, and may be served at that address through its agent, Renuke Apte.

## II.     JURISDICTION AND VENUE

3. This is an action for patent infringement pursuant to 35 U.S.C. § 271 under the United States Patent Act. Accordingly, this court has jurisdiction under 35 U.S.C. § 271 and 28 U.S.C. §§ 1331, and 1338.

4.   Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) since Defendant: (1) resides in this district; or (2) has committed acts of infringement and has a regular and established place of business in this Judicial District.

### III.   FACTUAL ALLEGATIONS

**A.   The Patent in Suit**

5.   Phil Auguste is the sole inventor of an automatic manicure apparatus for quickly and efficiently manicuring fingernails. The apparatus consists of a housing unit for various tools, tracks, cameras, and motors, allowing the user to insert their hands into the unit and have their fingernails automatically manicured and painted.

6.   On June 10, 2019, Phil Auguste filed an application for an automatic manicure apparatus, for which he has received a registered patent.

7.   Specifically, Phil Auguste is the sole inventor for the following United States federal patent registration (the "Asserted Patent"):

**a.   USPTO Reg. No. 10,542,810 ('810) – Automatic manicure apparatus**

The relevant claims for this action are claims 1 and 11:

1. An automatic manicure apparatus comprising:

> a housing, the housing having a front side separated from a back side, a top side separated from a bottom side, and a left side separated from a right side defining an inner cavity, the front side having a pair of hand apertures extending through to the inner cavity, the top side having a pair of window apertures extending through to the inner cavity and aligning with the pair of hand apertures, each of the pair of window apertures having a transparent window coupled therein;

a positioning unit coupled to the housing, the positioning unit comprising:

>a pair of Y tracks coupled to the housing, the pair of Y tracks comprising a left Y track and a right Y track coupled to the back side adjacent the left side and the right side, respectively, and extending perpendicularly towards the front side;
>
>a pair of Y motors coupled to the pair of Y tracks, the pair of Y motors comprising a left Y motor and a right Y motor coupled to the left Y track and the right Y track, respectively, the Y motors slidably traveling along the Y tracks;
>
>an X track coupled to the pair of Y motors, the X track perpendicularly extending from the left Y motor to the right Y motor;
>
>an X-Z motor coupled to the X track, the X-Z motor slidably traveling along the X track; and
>
>a Z track coupled to the X-Z motor, the Z track lying perpendicular to the X track and each of the pair of Y tracks, the Z track slidably traveling through the X-Z motor;

a rotating tool unit coupled to the positioning unit, the rotating tool unit comprising:

>a rotator motor coupled to the Z track, the rotator motor having a rotatable tool housing;
>
>a plurality of manicure tools coupled to the rotator motor, each of the plurality of manicure tools being coupled to the rotatable tool housing and in operational communication with the rotator motor; and
>a camera coupled to the rotator motor, the camera being freely coupled such that it remains oriented towards the bottom side of the housing at all times;
>
>a control panel coupled to the housing, the control panel being coupled to the front side between the pair of hand apertures, the control panel having a plurality of control buttons;
>
>a logic module coupled to the control panel, the logic module being in operational communication with the pair of Y motors, the X-Z motor, the rotator motor, the camera, and the plurality of control buttons; and
>
>a power source coupled to the logic module, the power source being in operational communication with the logic module.

11. An automatic manicure apparatus comprising:

    a housing, the housing having a front side separated from a back side, a top side separated from a bottom side, and a left side separated from a right side defining an inner cavity, the front side having a pair of hand apertures extending through to the inner cavity, the top side having a pair of window apertures extending through to the inner cavity and aligning with the pair of hand apertures, each of the pair of window apertures having a transparent window coupled therein, the right side having a tray aperture extending through to the inner cavity and the bottom side having a tray channel adjacent the tray aperture;

    a plurality of feet coupled to the housing, the plurality of feet being coupled to the bottom side of the housing;

a positioning unit coupled to the housing, the positioning unit comprising:

    a pair of Y tracks coupled to the housing, the pair of Y tracks comprising a left Y track and a right Y track coupled to the back side adjacent the left side and the right side, respectively, and extending perpendicularly towards the front side;

    a pair of Y motors coupled to the pair of Y tracks, the pair of Y motors comprising a left Y motor and a right Y motor coupled to the left Y track and the right Y track, respectively, the Y motors slidably traveling along the Y tracks;

    an X track coupled to the pair of Y motors, the X track perpendicularly extending from the left Y motor to the right Y motor;

    an X-Z motor coupled to the X track, the X-Z motor slidably traveling along the X track; and

    a Z track coupled to the X-Z motor, the Z track lying perpendicular to the X track and each of the pair of Y tracks, the Z track slidably traveling through the X-Z motor;

a rotating tool unit coupled to the positioning unit, the rotating tool unit comprising:

    a rotator motor coupled to the Z track, the rotator motor having a cylindrical rotatable tool housing;

    a plurality of manicure tools coupled to the rotator motor, each of the plurality of manicure tools being coupled to the rotatable tool housing and

in operational communication with the rotator motor, the plurality of manicure tools comprising a shaver, a buffer, and a printer, the shaver shaping a user's fingernails, the buffer buffing the user's fingernails, and the printer painting the user's fingernails; and

a camera coupled to the rotator motor, the camera being freely coupled such that it remains oriented towards the bottom side of the housing at all times;

a brush track coupled to the housing, the brush track extending from the left side to the right side within the inner cavity proximal the back side;

a brush motor coupled to the brush track, the brush motor slidably traveling along the brush track, the brush motor having a rectangular prismatic brush extension extending towards the front side;

a waste brush coupled to the brush motor, the waste brush having a plurality of bristles coupled to the brush extension and extending to the bottom side of the housing;

a tray coupled to the housing, the tray being slidably coupled within the tray channel and having a cylindrical tray handle extending through the tray aperture;

a plurality of heat lights coupled to the housing, the plurality of heat lights being coupled to the top side within the inner cavity, the plurality of heat lights being two heat lights coupled between the pair of window apertures and one heat light coupled between the pair of window apertures and each of the left side and the right side;

a control panel coupled to the housing, the control panel being coupled to the front side between the pair of hand apertures, the control panel having a plurality of control buttons, the plurality of control buttons comprising a start button, a stop button, and a self-clean button, the start button and the stop button controlling the positioning unit and the rotating tool unit, the self-clean button controlling the brush motor;

a logic module coupled to the control panel, the logic module being in operational communication with the pair of Y motors, the X-Z motor, the rotator motor, the camera, the brush motor, the plurality of heat lights, and the plurality of control buttons; and

a power source coupled to the logic module, the power source being in operational communication with the logic module.

8. The asserted patent has been in full force and effect since its issuance. Mr. Auguste owns the right to seek damages for past, current, and future infringement thereof.

B. **Defendant's Products and Infringement**

9. Defendant Clockwork produces, sells, and leases automatic manicure machines called the MiNiCURE (the "Accused Product").

10. The Accused Product provides "Manicures in minutes – done by a robot" in a variety of colors and shades.

11. Recently, Clockwork has partnered with the Target Corporation to provide the Accused Product at Target locations in Dallas/Fort Worth, TX; San Francisco, CA; and Chaska, MN.

12. To confirm the use and availability of the Accused Product, Plaintiff sent a member of its firm to receive a manicure at a Target the Dallas/Fort Worth, Texas location.

13. The entire process took approximately 20 minutes and cost $9.99.

14. Consumers can schedule manicures through Clockwork's website at any of the Target locations listed above.

15. In Defendant's most recent funding round (March 31, 2022) they raised $5.3 million dollars to continue producing and selling the Accused Product.

16. Various news outlets have reported on the Accused Product, providing advertisement for Defendant and further damage to Mr. Auguste.

17. On information and belief, the Accused Product identifies one or more of the characteristics claimed or specified within the Asserted Patent.

18.     On information and belief, Defendant produces, sells, and leases manicure machines which performs substantially the same function, in substantially the same way, to obtain substantially the same results as Mr. Auguste's patented Automatic Manicure Apparatus.

**C.     Defendant's Knowledge of Patents-in-Suit and Infringement**

19.     At least as of 2021, Defendant has advertised products online which infringe literally, or under the doctrine of equivalents, on the Asserted Patent.

20.     Mr. Auguste has not given Defendant any permission to use, sell, offer, or import the Accused Product.

21.     On February 7, 2022, Mr. Auguste provided an infringement notice to Defendant stating that the Accused Product infringed the Asserted patent.

22.     On February 17, 2022, counsel for Clockwork replied to the infringement notice claiming that the Accused Product does not literally infringe the Asserted Patent.

23.     On August 24, 2022, Mr. Auguste provided a second notice of infringement to Defendant including an infringement analysis.

24.     On December 7, 2022, counsel for Clockwork replied to Plaintiff's second notice of infringement disputing the claims therein.

25.     On February 2, 2023, Plaintiff sent a final infringement analysis in response to the December 7, 2022 response.

26.     At all points, Defendant has refused to cease making, using, selling, offering for sale and/or importing the Accused Product and has declined to offer Mr. Auguste a royalty for doing so.

## IV.     CAUSES OF ACTION

**D.     COUNT I – Infringement of U.S. Patent No. 10,542,810 [35 U.S.C § 271]**

27.     Mr. Auguste hereby adopts and re-alleges all the above allegations.

28.     Defendant sells, offers to sell, or imports into the United States an apparatus that literally meets, or is the functional equivalent to all the requirements of, the '810 patent as shown in the relevant claims above.

29.     On this basis Mr. Auguste is informed and believes, and on this basis alleges, that Defendant committed and continues to commit acts of direct or equivalent infringement of the '810 patent by making, using, selling, offering to sell and/or importing into the United States the Accused Product.

30.     As a result of Defendant's infringement of the '810 Patent, Mr. Auguste has been damaged. Mr. Auguste is entitled to recover for damages sustained as a result of Defendant's wrongful acts in an amount yet to be determined.

31.     In addition, Defendant's infringing acts and practices have caused and are causing immediate and irreparable harm to Mr. Auguste.

32.     Defendant has had actual knowledge of its infringement of the '810 Patent since no later than February 17, 2022. Mr. Auguste is further informed, and on this basis alleges, that Defendant's infringement of the '810 Patent has been and continues to be deliberate and willful, and this is therefore an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Mr. Auguste pursuant to 35 U.S.C. §§ 284-285.

## V.  PRAYER FOR RELIEF

WHEREFORE, Mr. Auguste prays for judgment against Defendant as follows:

A.  That Defendant has infringed, and continues to infringe, the Patent-in-Suit;

B.  That Defendant pay Mr. Auguste damages adequate to compensate Mr. Auguste for Defendant's infringement of the Patent-in-Suit, together with interest and costs under 35 U.S.C. § 284.

C.  That Defendant be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

D.  That Defendant be ordered to pay supplemental damages to Mr. Auguste, including interest, with an accounting, as needed;

E.  That Defendant's infringement is willful and that the damages awarded to Mr. Auguste should be enhanced for up to three times the actual damages awarded;

F.  That this is an exceptional case under 35 U.S.C. § 285 and that Defendant pay Mr. Auguste's attorney's fees and costs in this action; and

G.  That Mr. Auguste be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## VI.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Auguste hereby demands a trial by jury on all issues triable to a jury.

Dated: February 16, 2023

**Leavitt Eldredge Law Firm**

    /Brandon J. Leavitt/
Brandon James Leavitt
Tx: 24078841

4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107

(214) 727-2055
brandon@uslawpros.com

**ATTORNEYS FOR PLAINTIFF**